# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*June 25, 2026*

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Patrick Philip Heer | ) | |
| | ) | |
| | ) | **4:26-mj-404** |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 13, 2026, _____ in the county of _____ Harris _____ in the _____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 U.S.C. § 46307 | Violating national defense airspace. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

**Spens A. Cook, Special Agent**
*Printed name and title*

Sworn to before me and signed by phone.

Date: _____ June 25, 2026 _____

_____
*Judge's signature*

City and state: _____ Houston, Texas _____

Honorable Yvonne Y. Ho, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Spens Alexander Cook, being duly sworn, depose and states as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.    I am a Special Agent with the Federal Bureau of Investigation ("FBI"), having been so employed since 2022.  As a Special Agent, my duties include the investigation of violations of the United States Code.  I am currently assigned to the FBI Houston Field Office and have experience investigating violations of federal statutes related to violent crime and terrorism.  I am familiar with the laws concerning the operation of unmanned aerial systems.

2.    I make this affidavit in support of an arrest warrant and a summons for PATRICK PHILIP HEER ("HEER").

3.    Based on the facts set forth in this affidavit, I submit there is probable cause to believe that HEER violated Title 49, USC § 46307 - violating national defense airspace.

4.    The information contained in this affidavit is based upon my personal knowledge, as well as knowledge, information and documentation that I obtained from other law enforcement officers and civilian witnesses who have first-hand knowledge of the events described herein.  Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me concerning this investigation, but contains only facts necessary to establish probable cause for the instant request.

**DEFINITIONS**

5.    Title 14, CFR, Section 1.1, and Title 49 USC § 40102 defines the following terms used in this affidavit:

a.    "Aircraft" means a device that is used or intended to be used for flight in the air.

b.  "Unmanned aircraft" means an aircraft operated without the possibility of direct human intervention from within or on the aircraft.

c.  "Small unmanned aircraft" means an unmanned aircraft weighing less than 55 pounds on takeoff, including everything that is on board or otherwise attached to the aircraft.

d.  "Small unmanned aircraft system" ("small UAS") means a small unmanned aircraft and its associated elements (including communication links and the components that control the small unmanned aircraft) that are required for the safe and efficient operation of the small unmanned aircraft in the national airspace system.

e.  "Airman" means an individual in command, or as pilot, mechanic, or member of the crew, who navigates aircraft when under way.

### BACKGROUND AND APPLICABLE LAW

6.  The Federal Aviation Administration ("FAA") is an agency within the United States Department of Transportation responsible for the control and use of navigable airspace within the United States.  The FAA created the National Airspace System ("NAS") to protect persons and property on the ground, and to establish a safe and efficient airspace for civil, commercial, and military aviation. In the FAA Modernization and Reform Act of 2012, the FAA was charged with safely integrating UAS, commonly referred to as "drones," into the NAS.

7.  The FAA offers a Part 107 Remote Pilot Certificate program ("Part 107"), which is designed to establish an individual's understanding of the regulations, operating requirements, and procedures for safely flying drones. Title 49 USC § 44809 provides exceptions for limited recreational operations of unmanned aircraft without specific certification or operating authority from the FAA, such as a Part 107.  Subsection (a) provides a limitation to this special use. The first limitation that UAS operators must adhere to under this exemption states that the aircraft must

2

be flown strictly for recreational purposes [Title 49 USC § 44809(a)(1)]. UAS operations that do not conform to the limitations must comply with all statutes and regulations generally applicable to unmanned aircraft and unmanned aircraft systems. UAS flights for non-recreational, such as business or commercial, purposes would require FAA Part 107 licensing.

8.      Title 49 ("Transportation"), United States Code, Section 40103(b)(3) requires the Administrator of the FAA, in consultation with the Secretary of Defense, to establish areas in the airspace the Administrator decides are necessary in the interest of national defense; and by regulation or order, restrict or prohibit flight of civil aircraft that the Administrator cannot identify, locate, and control with available facilities in those areas. A TFR is a regulation that temporarily restricts certain aircraft from operating within a defined area in order to protect persons or property in the air or on the ground.

9.      On June 8, 2026, Pursuant to Title 49 USC § 40103(b)(3), the FAA issued a TFR that prohibited all unmanned aircraft from operating within a defined geographical zone within Downtown Houston without prior approval from the FAA from June 9 to July 20, 2026.[1] Pursuant to § 40103(b)(3), the FAA classified the airspace within this TFR as "National Defense Airspace" in NOTAM (written notification) 6/6447.

10.      Title 49, United States Code, Section 46307 prohibits a person from knowingly or willfully violating 49 U.S.C. § 40103(b)(3), or a regulation prescribed or order issued under § 40103(b)(3).

---

[1] This TFR, and other TFR's, were issued as part of a comprehensive security complement designed to protect and secure events related to Fifa 2026. This particular TFR covered one nautical mile radius Latitude: 29º45'08"N, Longitude: 95º21'08"W. The TFR was in effect from the surface, up to and including 100 feet AGL. The TFR began on June 09, 2026 at 0501 UTC, and concludes on July 20, 2026 at 0459 UTC.

**FACTS ESTABLISHING PROBABLE CAUSE**

11. On or about June 13, 2026, at approximately 4:36 p.m., a small UAS was detected flying in the vicinity of Polk St and Chartres St., in Houston, Texas (TX), an area within the boundaries of the TFR. As a result, law enforcement was dispatched to search for the pilot. The pilot was located in the vicinity of Polk St and Chartres St., in Houston, Texas TX, which was within the TFR zone referenced in paragraph nine (NOTAM 6/6447). This UAS pilot was identified as PATRICK PHILIP HEER ("HEER"). Upon approaching HEER, he was observed manipulating a UAS controller. HEER told law enforcement that he was attempting to call the UAS back to his position. HEER was observed by law enforcement retrieving his UAS as it hovered above his vehicle (which was located within the TFR).

12. HEER was interviewed by FBI Agents, Federal Air Marshal Service ("FAMS") Agents, and Houston Police Department ("HPD") Officers. HEER told law enforcement that the small UAS that was detected violating the TFR was his, and he was the pilot. HEER told law enforcement that he was attempting to get drone video footage for his significant other's real estate business. He told interviewing Agents that he did not possess a Part 107 Remote Pilot Certificate. HEER told the interviewing Agents that he was aware of what TFRs were but did not check for any active TFRs prior to launch.

13. FAMS Agents on scene gathered the following information regarding the circumstances of the UAS flight. The information was notated on a UAS Incident Report Questionnaire. HEER flew his drone in violation of the TFR without airspace authorization or a waiver. During the flight, the drone flew up to an elevation of 959 feet over people and moving vehicles for the purpose of "media/real estate." FAMS Agents notated that the operator, HEER, was aware that the drone was operated in restricted airspace.

## CONCLUSION

14.     Based on the foregoing facts, I respectfully submit there is probable cause to believe

PATRICK PHILIP HEER has violated Title 49, USC § 46307 - violating national defense airspace.

Spens Alexander Cook
Federal Bureau of Investigation

Subscribed and sworn telephonically this 25th day of June, 2026 and I hereby find probable cause.

HONORABLE YVONNE Y. HO
United States Magistrate Judge